## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### CASE NO. 24-24663-CIV-WILLIAMS/GOODMAN

JOHN MORANCY,

      Plaintiff,

v.

REGAN HOSPITALITY LLC and
CHRISTOPHER REGAN,

      Defendants.

_____/

### REPORT AND RECOMMENDATIONS RECOMMENDING DEFAULT

This is the second time the Undersigned is recommending that the Court enter a default against Regan Hospitality LLC and Christopher Regan (collectively, "Defendants"). Unfortunately for the progress of this case, Defendants have not made good use of the District Court's flexibility, patience, and courtesy and have once again violated a Court Order by not filing Court-required submissions.

Enough is enough.

### I.  Background

The Undersigned initially set an in-person settlement conference for February 27, 2025. [ECF No. 18]. However, on February 17, 2025, Philip R. Marchion, Esq., Ryan P. Forrest, Esq., and the law firm of Littler Mendelson, P.C. moved to withdraw as defense

counsel. [ECF No. 19]. The following day, the Undersigned granted the motion and cancelled the settlement conference. [ECF No. 20].

The Order gave Defendants "until Tuesday, March 11, 2025 to retain counsel and for said counsel to file a notice of appearance on CM/ECF." *Id.* (emphasis omitted). It explained that:

> Defendant Regan Hospitality LLC is a limited liability company and is therefore not permitted to proceed without counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Souffrant v. Denhil Oil, LLC*, No. 10-80246-CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies." (citations omitted)).

*Id.*

The Order further stated that:

> if replacement counsel does not file a notice of appearance on behalf of Regan Hospitality LLC by the Tuesday, March 11, 2025 deadline, then Plaintiff may file a motion seeking appropriate relief. By the same March 11, 2025 deadline, Defendant Christopher Regan may file a notice advising if he intends to proceed *pro se* and represent himself but may not represent Defendant Regan Hospitality LLC. *See S.E.C. v. Merch. Cap., LLC*, 486 F. App'x 93, 94 n.1 (11th Cir. 2012) ("It is well established . . . that a business organization cannot appear pro se and must be represented by counsel, not merely by a stockholder or officer." (citing *Palazzo*, 764 F.2d 1385)).

*Id.*

Defendants' former counsel filed a notice of compliance representing to the Court that "on February 18, 2025, he served a copy of the Order on Defendants Regan Hospitality LLC and Christopher Regan via e-mail and overnight Federal Express

delivery." [ECF No. 21, p. 1]. The March 11, 2025 deadline passed, and Defendants did not comply with the Undersigned's Order.

Consequently, on March 17, 2025, the Undersigned issued an Order to Show Cause, stating that:

> by **Monday, April 7, 2025**, substitute counsel **must** file a notice of appearance for Defendants Regan Hospitality LLC and Christopher Regan (unless Defendant Regan wants to represent himself, in which event, he must file a notice of intent to proceed *pro se* by the same date). As explained above, an attorney must enter an appearance on behalf of Regan Hospitality LLC because limited liability companies must be represented by counsel and cannot appear *pro se*.

[ECF No. 22, p. 2 (emphasis in original)].

The show cause order warned Defendants that:

> **If either Defendant fails to comply with this Order, then the Undersigned will enter a Report and Recommendations, recommending that the non-compliant Defendant's answer and affirmative defenses [ECF No. 5] be stricken and that a default be entered against that Defendant.** *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (affirming district court's decision to strike the defendant's answer and enter a default judgment against him following a pattern of delay and refusal to obey court orders); *PGT Indus., Inc. v. Harris & Pritchard Contracting Servs., LLC*, No. 8:12-CV-358-T-33TGW, 2013 WL 1092241, at *2 (M.D. Fla. Mar. 15, 2013) ("[E]ntry of default is a proper sanction for a defendant corporation's failure to obtain counsel.").

*Id.* at 2–3 (emphasis added).

Defendants did not comply with the Order to Show Cause. Accordingly, the Undersigned issued a report and recommendations [ECF No. 23 ("R&R")]

3

recommending that a default be entered against Defendants for failure to comply with the Court's Orders.

Defendants objected to the R&R, claiming they had "only receive[d] the Order to submit and retain new council [sic] on April 23, 2025." [ECF No. 24, p. 1]. The objection explained that the individual Defendant had been away "in [his] home country for a family matter" and did not receive the "[d]ocuments." *Id.* The individual defendant assured the Court that he had "taken steps to retain new council [sic] and **[he] will comply with Court Orders outstanding and all future ones**." *Id.* (emphasis added).

On May 5, 2025, Judge Williams issued an Order on Defendants' objections. [ECF No. 25]. She noted that "the record reflects that Defendants were notified of Judge Goodman's order as early as February 18, 2025, when Defendants' former counsel sent the order by mail and overnight delivery," but gave Defendants another chance:

> the Court will allow Defendants one **final** opportunity to comply. Accordingly, it is **ORDERED AND ADJUDGED** that on or before <u>**May 19, 2025**</u>, Defendant Regan Hospitality LLC shall retain counsel, and said counsel must file a notice of appearance on CM/ECF. By that same date, Defendant Christopher Regan must advise the Court whether he intends to proceed *pro se*. However, he may not represent Regan Hospitality LLC. *See Palazzo*[ ], 764 F.2d [at] 1385[.]
>
> <u>**Failure to comply with this order will result in the striking of Defendants' pleadings and entry of default without further notice**</u>.

*Id.* (bold emphasis in original; bold and italics emphasis added).

Notwithstanding assurances of future compliance [ECF No. 24, p. 1], Defendants have (once again) failed to comply with a Court Order:

On May 19, 2025, attorney Elvis John Adan filed a notice of appearance on behalf of both Defendants. [ECF No. 26]. On the same day, the Undersigned issued an Order requiring the parties to file a joint notice by May 27, 2025 listing four dates for the to-be-rescheduled settlement conference. [ECF No. 27].

On the day the joint notice was due, Plaintiff's counsel filed a motion to compel, seeking to require "Defendants to provide Plaintiff's counsel with dates to appear for the settlement conference" and for "additional time to file the requested notice." [ECF No. 30, p. 2]. The motion explained that Plaintiff's counsel reached out to defense counsel for possible settlement conference dates. *Id.* After failing to obtain the requested dates, on May 27, 2025, defense counsel represented to Plaintiff's counsel "that he was not able to reach [ ] Defendants and he would be filing a motion to withdraw." *Id.*

Defendants' counsel has not filed a motion to withdraw and he has not filed a motion for additional time in which to provide settlement conference dates.

## II.   Analysis

"Courts are vested with [the] inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' and 'to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties

seeking relief.'" *Calden v. Carnival Corp.*, No. 16-21119-CIV, 2017 WL 3773691, at *1 (S.D. Fla. June 22, 2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

All parties must follow court orders, rules, and practices and procedures. The failure to do so may result in sanctions, including the entry of a default. *See*, *e.g.*, *Lustig v. Stone*, 679 F. App'x 743, 745 (11th Cir. 2017) (affirming the district court's entry of default, pursuant to Fed. R. Civ. P. 55, for failure to comply with the court's rules and orders); *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) ("Rule 41(b) authorizes a district court to dismiss an action for failure to obey a court order."). "[Sanctions] upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Bell v. Fla. Highway Patrol*, 476 F. App'x 856, 856 (11th Cir. 2012) (affirming dismissal of *pro se* plaintiff's complaint due to her failure to follow the court's orders).

Defendants have demonstrated a pattern of failing to obey court orders. The record reflects that Defendants have been provided with multiple opportunities and were given many warnings but continue to ignore the Court's directives. It has been more than five months since Judge Williams referred [ECF No. 3] this case to the Undersigned for a settlement conference and that settlement conference has not taken place due to Defendants' continued flouting of Court Orders.

## III.  Conclusion

The Undersigned **respectfully recommends** that the District Court strike Defendants' Answer and Statement of Defenses to Plaintiff's Complaint [ECF No. 5] and

enter a default against Defendants for failure to follow the February 18, 2025 Order, the March 17, 2025 Show Cause Order, Judge Williams' May 5, 2025 Order, and the Undersigned's Order on May 19, 2025 requiring a joint notice of availability.

## IV.   Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on May 28, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record