UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-24663-CV-WILLIAMS

JOHN MORANCY,

    Plaintiff,

vs.

REGAN HOSPITALITY LLC, et al.,
    Defendants.
_____/

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiff, JOHN MORANCY, by and through undersigned counsel, hereby files this Motion for Default Final Judgment and memorandum and states:

1. On June 15, 2025, this Court entered a default against Defendants Regan Hospitality LLC and Christopher Regan.

2. The court ordered Plaintiff to file a motion for final default judgment.

3. Plaintiff is entitled to the relief sought pursuant to Rule 55 and the Fair Labor Standards Act, and service was proper as Defendants originally appeared.

4. Plaintiff has attached his sworn declaration on damages to provide evidence to this Court on damages in this matter. (See Exhibit "A").

5. Pursuant to Rule 55 of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Local Rules for the Southern District of Florida, Plaintiff files this Motion for Default Final Judgment against Defendants jointly and severally.

## MEMORANDUM OF LAW

Pursuant to Rule 4(m) and Rule 55 of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Local Rules for the Southern District of Florida, Plaintiff files this memorandum and moves this Court for an order of Default Final Judgment against Defendants jointly and severally. In Exhibit A, Plaintiff requests unpaid overtime of $13,282.50 plus liquidated damages of $13,282.50, totaling $26,565 for his FLSA overtime claim. Plaintiff requests lost wages of $4,370 for his retaliation claim. The total damages requested are $30,935.

WHEREFORE, Plaintiff requests this Court enter a final default judgment against Defendants Regan Hospitality LLC and Christopher Regan jointly and severally in this matter and award damages in the amount of $30,935 plus his reasonable attorneys' fees and costs.

## LIQUIDATED DAMAGES ARE NON-DISCRETIONARY IN THIS CASE AND SHOULD BE ASSESSED AGAINST THE DEFENDANTS.

Defendants admit by default that both intentionally failed to pay the Plaintiff overtime compensation in violation of the FLSA.

### As stated in 29 U.S.C. 216(B):

(b) Damages; right of action; attorney's fees and costs; termination of right of action, Any employer who violates the provisions of section 6 or section 7 of this Act [ 29 USCS @ @ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Double damages are the "norm" and the Defendant's burden to escape the imposition of

"double damages" is a heavy one. Liquidated damages are non-discretionary under these circumstances, where the employer took no affirmative steps to verify compliance with the F.L.S.A. in relation to the payment of Plaintiff's wages. See **Martin v. Cooper Electric Supply Co.,** 940 F.2d 896 (3rd Cir. 1991). The employer's burden of proof is a difficult one to meet to avoid the imposition of double damages. **Brock v. Wilamowsky** (2nd Cir., 1987) and "Double damages are the norm, single damages the exception." **Walton v. United Consumers Club, Inc.**, 786 F.2d 303 (7th Cir. 1986) cited by **Martin,** supra. There is a strong presumption under the Statute for doubling damages. **Shea v. Galaxie Lumber & Construction Company, Ltd.**, 152 F.3d 729 (7th Cir. 1998).

The Eleventh Circuit has adopted the imposition of double damages where there was no evidence of a "good faith" error on the Defendant's part in not complying with the FLSA. See **EEOC v. White and Son Enterprises**, 881 F.2d 1006 (11th Cir. 1989). Also see **Reeves v. International Telephone and Telegraph Corporation**, 616 F.2d 1342 (5th Cir. 1980). Here, the Defendants admit that both intentionally failed to pay overtime to the Plaintiffs in violation of the FLSA. As such, liquidated damages are non-discretionary in this case and should be assessed against the defendants jointly and severally. **See Joiner v. City of Macon**, 814 F.2d 1537 (11th Cir. 1987).

Plaintiff moves this Court for an order granting Plaintiff's Motion for Liquidated Damages and a Final Judgment in this matter on Plaintiff's claims for overtime wage compensation brought pursuant to 29 U.S.C. 201-216.

## THIS COURT SHOULD AWARD PLAINTIFF HIS REASONABLE ATTORNEYS' FEES INCURRED

(i) The Fair Labor Standards Act of 1938, as amended, 29 U.S.C.S. § 216(b) states that the court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by the defendant, and costs of the action.

In Shelton v. Ervin, 830 F.2d 182 (11th Cir. 1987) the Court held Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases. In consideration of the language of section 216(b) and its underlying purpose, the court held that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein. Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment.

29 U.S.C. Section 216(b) states, in relation to prevailing Plaintiffs in FLSA suits, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**The Hourly Billing Rates Are Fair and Reasonable**

It is well settled that the calculation of reasonable attorneys' fees is achieved by determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983). This is known as the lodestar approach. Generally, the reasonable number of hours expended are those hours for which the court finds were reasonably spent in attaining the result for the client. See Norman v. Hous. Author. Of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

Fair Estimate of Amount Sought and Hours: The Plaintiff's counsel Jason S. Remer, Esq. litigated this matter in good faith for a total amount of 15.7 hours at a reasonable attorneys' fee of $450 an hour for a total amount due of attorney's fees from Defendants of $7,065 for attorney Remer. The time keeper was the attorney himself.

Plaintiff requests the court award reasonable attorney fees claimed in conjunction with this matter for fees incurred for litigation, including 15.7 hours. (See attached time records).

3. Plaintiff's counsel request this Honorable Court award his attorneys' fees at an hourly rate of $450 an hour for attorney Jason S. Remer in the amount of $7,065 as fully explained below. *See Time Sheet Attached..*

Terms of Agreement:

Plaintiff retained the law firm of Remer, Georges-Pierre & Hoogerwoerd, PLLC to represent him in this matter. Mr. Jason S. Remer is a partner of the firm. Mr. Remer has practiced extensively in the area of labor and employment representing employees for over twenty years, and regularly litigates FLSA matters for employees in Federal Court. Given the experience of this attorney, Plaintiff submits that his rate is fair and reasonable. Given the experience this attorney, Plaintiff submits that his rate is fair and reasonable.

Plaintiff's counsels' rates and the amount of time expended are reasonable and customary. See Haugh v. Secretary of Dept. of Health & Human Servs., 1999 WL 525539, at *2 (Fed.Cl.1999) Courts have established that citation to prior precedent showing reasonable rate adjudications may be used to demonstrate proof of prevailing market rates.

Accordingly, the Court should award Plaintiff the attorneys' fees owed against Defendants for his overtime claims in the total amount of 15.7 hours at $450 an hour or $7,065 in attorneys' fees. Plaintiffs should be awarded all attorneys' fees associated with this action pursuant to the FLSA, local rule 7.3, and Federal Rules of Civil Procedure 54(d).

<u>Reimbursable Expenses</u>: 29 U.S.C. 216(b) make an award of costs mandatory for a prevailing Plaintiff in an FLSA case.  In <u>EEOC v. W&O, Inc.,</u> 213 F.3d 600 (11th Cir. 2000) the Court held that costs that are authorized by Statute may be awarded.  Here, Plaintiff contends that all of his costs as outlined below should be awarded pursuant to 29 U.S.C. Section 216(B) because all were incurred as a result of litigating this claim.

**<u>PLAINTIFF SHOULD BE AWARDED HIS COSTS ALLOWED AS OF COURSE IN THIS MATTER AS THE PREVAILING PARTY ON PLAINTIFF'S FEDERAL CLAIMS</u>**

"Costs… shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P.54(d)(1). "Federal Rule of Civil Procedure 54(d) grants costs to the prevailing party as a matter of course in the absence of a countervailing rule or statute, unless the … [court] directs otherwise." <u>Jones v. City of San Antonio</u>, F.2d 1224, 1226 (5th Cir. 1978); see also <u>Gilchrist v. Bolger</u>, 733 F.2d 1551, 1556-57 (11th Cir. 1984).  Further, Plaintiff is entitled to his costs in this matter pursuant to 29 U.S.C. § 216(b).  Because Plaintiff prevailed in this matter, the Court should award Plaintiff his costs incurred in prosecuting the matter, as detailed below, in the total amount of $435.74 filing fees in State Court, and $120 for service of process, totaling $555.74 in costs.

Pursuant to the Fair Labor Standards Act 29 U.S.C. 201-216, the statute specifically awards attorneys' fees and costs to the plaintiff upon prevailing. The amount of taxable costs claimed is $555.74.  Specifically, the request for a reimbursement of costs is made pursuant to F.R.C.P. 54(D) and Local Rule 7.3.

Pursuant to Local Rule 7.3, the undersigned certifies that he has fully reviewed the time records and supporting data and certifies that this motion is well grounded in fact and is justified.

**Total Amount of Fees and Costs Claimed by Plaintiff:**

Plaintiff requests that this Honorable Court order Defendants, jointly and severally, to pay Plaintiff's attorneys' fees and costs for a total amount of $7,620.74.  Plaintiff requests that this Court include these fees and costs in a Final Judgment in this matter to include all of the attorneys' fees and costs requested in this motion.

Verified Motion.  This motion is filed as a verified motion signed by the undersigned counsel.

### CONCLUSION

For the reasons set forth herein, Plaintiff requests that this Honorable Court enter a final judgment against Defendants.

Certification of Counsel.  I, Jason S. Remer, Esq., counsel for plaintiff, in accordance with Local Rule 7.3 for the Southern District of Florida, hereby certify that I have fully reviewed the time records and supporting data of this Verified Motion seeking fees and costs and that this motion is well grounded in fact and is justified.  Further, I depose and state that I have read the information set forth above and attached hereto and swear that it is true to the best of my knowledge.

_/s/Jason S. Remer_____
Jason S. Remer, Esq.

Respectfully submitted,

/s/ *Jason S. Remer*
Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgph.law
REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, Florida 33134
Tel:  305-416-5000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 11, 2025, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

Christopher Regan
chris@reganhospitality.com

/s/ *Jason S. Remer*
Jason S. Remer, Esq.
Florida Bar No.: 165580

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-24663-CV-WILLIAMS

JOHN MORANCY,

    Plaintiff,

vs.

REGAN HOSPITALITY LLC, et al.,
    Defendants.
_____/

| DATE | TASK | TIME |
|---|---|---|

**Attorney Jason S. Remer:**

| DATE | TASK | TIME |
|---|---|---|
| 10-24-24 | File Review and draft complaint | 1.0 |
| 11-12-24 | File review | .2 |
| 12-3-25 | Client meeting | .5 |
| 12-3-24 | Review ct order and draft statement of claim | .5 |
| 12-5-24 | Review answer and ct order | .4 |
| 12-13-24 | Review report | .2 |
| 12-17-24 | Joint report | .4 |
| 12-31-24 | Review response | .2 |
| 1-17-25 | Review order | .2 |
| 1-22-25 | Draft discovery to Defendants file review | .7 |
| 2-5-25 | Review ct order | .2 |
| 2-21-25 | Review CT orders | .2 |
| 4-10-25 | Review ct orders | .2 |
| 4-23-25 | Review objections | .1 |
| 5-5-25 | Review ct order | .1 |
| 5-19-25 | Review ct order | .1 |
| 5-21-25 | Prepare opt in forms | .5 |
| 5-22-25 | Draft opt in motion, client meeting | 1.5 |
| 5-22-25 | Review plaintiff discovery responses | 1.0 |
| 5-27-25 | Draft motion to compel | .5 |
| 5-28-25 | Review ct order | .2 |
| 6-4-25 | Review objections | .2 |
| 6-11-25 | Review ct order | .2 |
| 6-17-25 | Review ct order | .1 |
| 6-26-25 | Review ct orders | .3 |
| 10/24-6/25 | Draft and respond to emails/50 emails .1 | 5.0 |

**7-11-25        Draft motion for default                              1.0**

**Total Hours: 15.7**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-24663-CV-WILLIAMS

JOHN MORANCY,

    Plaintiff,

vs.

REGAN HOSPITALITY LLC, et al.,
    Defendants.
_____/

**FINAL JUDGMENT**

This action came on before the Court, Honorable Kathleen Williams, District Judge, presiding, the granting of Plaintiff's Motion for Default Final Judgment, the issues of damages having been submitted by sworn declaration, and pursuant to Fed. R. Civ. P. 54 and 58 the Court duly rendering its verdict,

It is ORDERED AND ADJUDGED that:

1. Plaintiff John Morancy shall recover from Defendant Regan Hospitality LLC and Defendant Christopher Regan jointly and severally the sum of $30,935, with interest thereon at a rate provided by law, and his attorneys' fees and costs of this action.

2. Plaintiff is entitled to attorneys' fees of $7,065 from Defendants jointly and severally.

3. Plaintiff is entitled to costs of $555.74 from Defendants jointly and severally.

4. Final judgment is entered against Defendant Regan Hospitality LLC and Defendant Christopher Regan jointly and severally, and in favor of Plaintiff John Morancy, totaling $38,555.74, with interest thereon at a rate as provided by law.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of _____, 2025.

_____
KATHLEEN WILLIAMS
U. S. District Court Judge

Copies to:
Jason S. Remer, Esq.
Defendants